IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

SHAQUNNA BALL                         :

                                      :

   v.                                  :   Civil Action No. DKC 10-2225

                                      :

S.M. JACKSON & ASSOCIATES, LLC,
et al.                                :

**MEMORANDUM OPINION**

Presently pending and ready for resolution in this case are two motions for reconsideration filed by Plaintiff Shaqunna Ball. (ECF Nos. 25, 28).[1] The relevant issues have been briefed and the court now rules pursuant to Local Rule 105.6, no hearing being deemed necessary. For the reasons that follow, Plaintiff's motions will be denied.

**I. Background**

On or about July 13, 2010, Plaintiff Shaqunna Ball commenced this personal injury action by filing a complaint in the Circuit Court for Prince George's County, Maryland, against S.M. Jackson & Associates, LLC, d/b/a Hair World, Hair World, Veeco Manufacturing, Inc., Veeco Salon Furnishings, Inc., Veeco Sales, Inc., and Veeco Instruments, Inc. (ECF No. 2). On August 12, Veeco Manufacturing, Veeco Salon Furnishings, and

---

[1] The second motion may fairly be read as an amended version of the first. Nevertheless, the court considers both motions to address certain factual discrepancies and because different exhibits are attached.

Veeco Sales (collectively, "the Veeco defendants") timely removed to this court on the basis of diversity of citizenship. (ECF No. 1). The notice of removal and subsequent response to the court's standing order on removal reflected that the Veeco defendants were served on July 26, but the remaining defendants – namely, S.M. Jackson & Associates, Hair World, and Veeco Instruments – had not been served. (ECF No. 1 ¶ 5; ECF No. 8 ¶ 1).

On August 13, the clerk issued a letter to Plaintiff's state court counsel, Brandi S. Nave, advising that because she was not a member of the court's bar, her "appearance ha[d] <u>not</u> been entered in this case and the Court w[ould] <u>not</u> send [her] copies of orders and other documents." (ECF No. 6 (emphasis in original)). The letter further stated that counsel "must notify the chambers of the presiding judge" within fourteen days as to "whether [she would] be seeking admission or if another attorney [would] be entering an appearance." (*Id.*). Ms. Nave failed to respond.

The court followed-up with a letter dated October 1. (ECF No. 10). This letter reiterated that counsel was "not a member of [the court's] bar and that [her] appearance had not been entered." (*Id.*). "Without [her] appearance on [the] docket," the court explained, she could not "receive any copies of orders and other documents." (*Id.*). The court advised Ms. Nave that,

"[u]nless [it] hear[d] from [her] by October 15, 2010, concerning [her] representation of Plaintiff, a letter w[ould] be sent directly to Plaintiff, stating that she will be proceeding *pro se*." (*Id.*). Ms. Nave again failed to respond.

On November 1, a letter/order was issued and sent to Plaintiff advising that the "action w[ould] proceed with [her] acting as [her] own attorney (*pro se*), unless and until new counsel enter[ed] an appearance on [her] behalf." (ECF No. 11). Plaintiff was further advised that the court had "not been notified that Defendants S.M. Jackson & Associates, LLC, Hair World, and Veeco Instruments, Inc. were served." (*Id.*). Pursuant to Federal Rule of Civil Procedure 4(m), the court explained, if service of process was not effected within 120 days after the complaint was filed – *i.e.*, by on or about November 13, 2010 – the court was required either to dismiss the complaint without prejudice or order that service be effected within a specified time period. To the extent any of these defendants may have been served, the court directed Plaintiff's attention to Federal Rule of Civil Procedure 4(*l*), which "instructs that the person effecting service of the summons must promptly notify the court, through an affidavit, that he or she has served [the] summons." (*Id.*). Plaintiff failed to respond.

On January 4, 2011, S.M. Jackson & Associates filed a motion to dismiss for want of prosecution. (ECF No. 13). On

the same date, the clerk sent a letter to Plaintiff, providing notice that a dispositive motion had been filed which required her response within seventeen days. This letter specifically warned that if Plaintiff "[did] not file a timely written response, the Court may dismiss the case or enter judgment against [her] without further notice." (ECF No. 14). The following day, the court issued an order directing Plaintiff to show cause within fourteen days why her complaint should not be dismissed as to Defendants S.M. Jackson & Associates, Hair World, and Veeco Instruments. (ECF No. 15). Plaintiff again failed to respond.

On February 8, 2011, the court issued an order dismissing S.M. Jackson & Associates, Hair World, and Veeco Instruments. (ECF No. 18). On the same date, a scheduling order was issued with respect to the case going forward against the Veeco defendants. (ECF No. 19).

Thereafter, several months passed without any activity. On May 31, the Veeco defendants filed a motion to dismiss for want of prosecution, asserting that Plaintiff had failed to respond to their discovery requests and that, because she had taken no action in the case for over nine months, the case was subject to dismissal pursuant to Local Rule 103.8.b. (ECF No. 20). The following day, the clerk sent a letter to Plaintiff advising that another dispositive motion was pending that required her

response. (ECF No. 21). On June 6, the court issued an order directing Plaintiff to show cause, by June 17, as to why her complaint should not be dismissed. (ECF No. 23). Plaintiff again failed to respond.

On June 27, 2011, the court issued an order dismissing Plaintiff's complaint without prejudice and closing the case. (ECF No. 24).

On July 11, Ms. Nave filed, on Plaintiff's behalf, a "motion to reconsider and reinstate Plaintiff's case pursuant to Local Rule 105.10 and Fed.R.Civ.P. 60(b)." (ECF No. 25).[2] That motion was followed, eleven days later, by a "Motion to Reconsider and Motion for Enlargement of Service Pursuant to Federal Rules 4(m), 6(b)(2), 60(b) and 41(b)," which was also filed by Ms. Nave on behalf of Plaintiff. (ECF No. 28).[3]

---

[2] Internal court records reflect that Ms. Nave was admitted to the court's bar on December 6, 2010. She entered her appearance on July 11 *via* the court's electronic case filing system. To date, she has not docketed an entry of appearance and it is unknown whether Plaintiff has consented to her representation for purposes of these motions.

[3] Defendant S.M. Jackson & Associates filed a motion to strike Plaintiff's second motion for reconsideration. (ECF No. 29). Federal Rule of Civil Procedure 12(f) relates to motions to strike pleadings and cannot be used to strike motions. *See, e.g., Thomas v. Bet Sound-Stage Restaurant/BrettCo, Inc.*, 61 F.Supp.2d 448, 458 (D.Md. 1999). Accordingly, this motion will be denied, but the paper is construed as an opposition to the motions to reconsider.

## II. Analysis

As Judge Quarles recently explained in *Cross v. Fleet Reserve Ass'n Pension Plan*, No. WDQ-05-0001, 2010 WL 2609530, at *2 (D.Md. Sept. 14, 2010):

> A party may move to alter or amend a judgment under Rule 59(e), or for relief from a judgment under Rule 60(b). *See* Fed.R.Civ.P. 59(e) & 60(b). A motion to alter or amend filed within 28 days of the judgment is analyzed under Rule 59(e); if the motion is filed later, Rule 60(b) controls. *See* Fed.R.Civ.P. 59(e); *MLC Auto., LLC v. Town of S. Pines*, 532 F.3d 269, 280 (4th Cir. 2008); *In re Burnley*, 988 F.2d 1, 2-3 (4th Cir. 1992).

(footnote omitted). Here, both of Plaintiff's motions for reconsideration were filed within twenty-eight days of the court's order dismissing the complaint. Thus, to the extent the motions are challenging the final dismissal order, they are properly analyzed under Rule 59(e). Because they could also be read as addressing the previous order dismissing S.M. Jackson & Associates, Hair World, and Veeco Instruments, however, the court will also consider the motions under Rule 60(b).

Courts have recognized three limited grounds for granting a motion for reconsideration pursuant to Federal Rule of Civil Procedure 59(e): (1) to accommodate an intervening change in controlling law, (2) to account for new evidence not available at trial, or (3) to correct clear error of law or prevent manifest injustice. *See United States ex rel. Becker v.*

*Westinghouse Savannah River Co.*, 305 F.3d 284, 290 (4th Cir. 2002) (citing *Pacific Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998)), *cert. denied*, 538 U.S. 1012 (2003). A Rule 59(e) motion "may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." *Pacific Ins. Co.*, 148 F.3d at 403 (quoting 11 Wright, *et al.*, Federal Practice and Procedure § 2810.1, at 127–28 (2d ed. 1995)). Where a party presents newly discovered evidence in support of its Rule 59(e) motion, it "must produce a legitimate justification for not presenting the evidence during the earlier proceeding." *Id*. (quoting *Small v. Hunt*, 98 F.3d 789, 798 (4th Cir. 1996)) (internal marks omitted). "In general, 'reconsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly.'" *Id*. (quoting Wright, *et al.*, *supra*, § 2810.1, at 124).

Plaintiff has not addressed any of the grounds for reconsideration under Rule 59(e), nor does any appear to be applicable. Rather, Ms. Nave offers, purportedly on Plaintiff's behalf, a litany of unpersuasive and, frankly, implausible excuses as to why Plaintiff took no action in this case after it was removed. Counsel asserts that she "diligently sought other counsel on behalf of the Plaintiff until she became a member of this Honorable Court," but "such efforts were met with

rejections based on potential litigation cost." (ECF No. 28, at 6). Thus, it appears that Ms. Nave received the clerk's initial letter, but nevertheless failed to respond, as directed. She has provided no explanation of her failure in this regard, nor has she addressed her failure to respond to the court's follow-up letter, dated October 1.

Ms. Nave claims that she "was scheduled to become a member of this Honorable Court in November 201[0], but a family emergency occurred a day before with her sponsor," which delayed her admission until December 6, 2010. (*Id*. at 6-7). "After such admittance," counsel maintains, she "mistakenly and inadvertently thought that her appearance on this case" had been entered. (*Id*. at 7). If that was the case, however, then counsel's failure to respond to the subsequently-filed dispositive motions and show cause orders – or, indeed, to take any action whatsoever prior to dismissal – is all the more troubling.[4] Ms. Nave further asserts that because she was not Plaintiff's counsel of record, she "did not receive any

---

[4] Notably, Ms. Nave is counsel of record in one other case in this court, *Wamble v. Washington Metropolitan Area Transit Authority*, Civ. No. RWT 10-1909. Like the instant case, *Womble* was removed from state court and Ms. Nave was notified by the clerk that she could not represent the plaintiff unless and until she was admitted to the court's bar. On February 2, 2011, Ms. Nave filed an entry of appearance in that case, along with a motion for modification of the scheduling order, which was later granted. It is unclear why she did not take the same action in this case.

notice[s] [in the case] and had no knowledge that her appearance had been stricken." (*Id.*).[5] Moreover, Plaintiff "moved to a different address around mid-November 2010 and no notices were forwarded or received at her new address." (*Id.*). The order advising Plaintiff that she was proceeding *pro se*, however, was mailed on November 1, *i.e.*, prior to her alleged move date, and the docket does not reflect that any subsequent notice to Plaintiff was returned. In any event, it was Plaintiff's duty – and, to the extent she believed she was representing Plaintiff, Ms. Nave's duty as well – to ensure that the court had her current address on file. *See* Local Rule 102.1.b.

Despite her stated belief that she was Plaintiff's counsel of record by, at the latest, December 6, 2010, Ms. Nave claims that she did not become aware that "a dismissal was entered on Plaintiff's case for failure to 'show cause'" until "[o]n or about June 27, 2011."[6] The only explanation she provides regarding her failure to monitor precipitating events is as follows:

> Counsel became aware that [her] former
> paralegal . . . failed to e-file a multitude
> of pleadings that were prepared and signed

---

[5] Her appearance was not stricken – it was never entered, as the initial letters to counsel explained.

[6] This was the same date the complaint was dismissed. (ECF No. 24). In her second motion, Ms. Nave asserts that she learned of this fact on July 18, *i.e.*, one week after the date she filed her initial motion. (ECF No. 28, at 8).

9

> by undersigned. At this time and recent awareness of her paralegal's mistakes and failure to follow instructions, undersigned terminated [the paralegal]. Undersigned then contacted the US District Court Clerk Office to obtain additional information regarding such dismissal. The Clerk advised undersigned that the Order was entered and dismissed without prejudice[] on July 27, 2011. Subsequently, undersigned could not log into Pacer because [the paralegal] changed the passcode to Pacer and such passcode was unretrievable [*sic*], but through mail. Undersigned is in receipt of the new passcode as of today's date [*i.e.*, July 11, 2011].

(*Id.*). Needless to say, responsibility for any error "falls on the attorney regardless of whether the error was made by an attorney or a paralegal." *Pincay v. Andrews*, 389 F.3d 853, 856 (9th Cir. 2004) (citing Model Rules of Prof'l Conduct R. 5.5 cmt. 2 (2002)). Moreover, the fact that counsel may not have had access to PACER is clearly no excuse for her inactivity.

Among the documents that would have been filed, according to counsel, was a "Motion to Extend Discovery" that was "prepared and signed . . . approximately 30 days prior to dismissal [*i.e.*, around May 27, 2011]." (*Id.* at 4). Indeed, Ms. Nave attaches to Plaintiff's first motion for reconsideration a document entitled "Motion to Extend Discovery and Service." (ECF No. 25-2). This would-be motion is notable in several respects. First, it recites that "Defendant consents to this motion and no party will be prejudiced in granting

10

[it]." (*Id*. at 1). While it is unknown which "Defendant" allegedly provided consent, at the time Ms. Nave asserts that the motion would have been filed the Veeco defendants were the only remaining defendants in the case. Given that the Veeco defendants moved to dismiss for want of prosecution at around the same time, asserting that "no action has been taken by Plaintiff . . . to prosecute this action for more than nine months" (ECF No. 20, at 2), it seems curious that they would have consented to an extension of discovery and dispositive motions deadlines. Moreover, the motion would have asked the court to "allow [Plaintiff] additional time in which to reissue service on Defendant" (ECF No. 25-2 ¶ 12), apparently referring to S.M. Jackson & Associates, a defendant that was dismissed nearly four months prior to the time Ms. Nave allegedly intended to file the motion. In short, assuming, *arguendo*, that this motion was drafted at the time Ms. Nave now claims, it would have evidenced her lack of a even a rudimentary knowledge of the relevant procedural issues presented in this case.

Both motions for reconsideration recite, at length, counsel's efforts to serve S.M. Jackson & Associates, which Ms. Nave suggests acted to evade service. In the first motion, Ms. Nave appears to cite these facts in support of a claim that she acted diligently in prosecuting the case. Plaintiff's counsel fails to recognize, however, that the Federal Rules of Civil

Procedure provide a mechanism for effecting service on a business entity where initial attempts are unsuccessful. *See* Fed.R.Civ.P. 4(h)(1)(A) (service of a corporation, partnership, or association may be effected "in the manner prescribed by Rule 4(e)(1) for serving an individual," *i.e.*, by "following state law . . . in the state where the district court is located or where service is made"); Md. Rule 2-124(o) (permitting substitute service upon the State Department of Assessments and Taxation where, *inter alia*, "two good faith attempts on separate days to serve the resident agent have failed"). In this case, not only did Plaintiff not make use of that mechanism, but she never requested that a summons be issued for the unserved defendant after removal, nor did she file an affidavit of service with respect to any defendant in this case, as required by Fed.R.Civ.P. 4(*l*).

In Plaintiff's second motion for reconsideration, Ms. Nave requests an extension of time in which to serve S.M. Jackson & Associates, pursuant to Fed.R.Civ.P. 6(b). Rule 6(b)(1)(B) provides that "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time . . . on motion made after the time has expired if the party failed to act because of excusable neglect." Plaintiff does not point to any authority suggesting that a Rule 6(b) motion may be used to extend the time to effect service of process as to a

12

dismissed defendant, however – nor is the court aware of any. Moreover, motions for extension of time in which to effect service of process are governed by Fed.R.Civ.P. 4(m), which provides that "if the plaintiff shows good cause for the failure [to serve within 120 days], the court must extend the time for service for an appropriate period." Here, Plaintiff failed to respond to the court's show cause order; thus, no showing of good cause was made.

To the extent Plaintiff attempts to revive her complaint by reference to Rule 60(b), Judge Motz considered a similar motion in *Cronin v. Henderson*, 209 F.R.D. 370 (D.Md. 2002). In that case, the plaintiff moved for relief pursuant to Rules 60(b) and 6(b) after her complaint was dismissed without prejudice for failure to effect service and failure to respond to a show cause order. In discussing the plaintiff's "excusable neglect" claim, the court set forth the following standard:

> In *Pioneer Inv. Serv. Co. v. Brunswick Assoc. Ltd. P'ship*, 507 U.S. 380, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993), the Supreme Court interpreted the phrase "excusable neglect." The Court articulated four factors to be considered in determining whether excusable neglect has occurred: "[1] danger of prejudice to the [non-movant], [2] the length of delay and its potential impact on judicial proceedings, [3] the reason for the delay, including whether it was within the reasonable control of the movant, and [4] whether the movant acted in good faith." *Id*. at 395, 113 S.Ct. 1489. The Fourth Circuit has noted "that 'inadvertence, ignorance of

13

> the rules, or mistakes construing the rules do not usually constitute excusable neglect.'" *Thompson v. E.I. DuPont de Nemours & Co., Inc.*, 76 F.3d 530, 533 (4th Cir.1996) (citing *Pioneer*, 507 U.S. at 392, 113 S.Ct. 1489). "'Excusable neglect' is not easily demonstrated, nor was it intended to be." *Id*. at 534.

*Cronin*, 209 F.R.D. at 371 (footnotes omitted). In denying the motion, Judge Motz explained, in part:

> The second and third factors articulated in *Pioneer* weigh even more strongly against Cronin. This action was pending for more than seven months before I dismissed it. Further, Cronin did not file this motion for relief from judgment until nearly three months after the dismissal. Thus, the delay has been substantial. Further, the only reason that Cronin provides for the delay was the alleged ineptitude of her prior attorney. The Fourth Circuit has made it clear "that it [is] appropriate to hold a client accountable for the mistakes of counsel." *Thompson*, 76 F.3d at 533 (citing *Pioneer*, 507 U.S. at 396-97, 113 S.Ct. 1489).

*Id*. at 372.

Plaintiff cannot show excusable neglect in this case for similar reasons. Her complaint was pending in this court for approximately eleven months prior to dismissal, during which time the record reflects that she took no action whatsoever, despite repeated prompting from the clerk, the court, and multiple defendants. As noted, the reasons Plaintiff's counsel cites for delay are, at best, unpersuasive and, at worst, incredible. Under these circumstances, the court cannot find

14

that Plaintiff's counsel has acted in good faith. Thus, even considered under Rule 60(b), Plaintiff's motions cannot prevail.

Finally, Plaintiff's counsel asserts that Plaintiff is precluded from raising her claims in a subsequent suit because the relevant statutes of limitations have expired; thus, she will suffer extreme prejudice if the requested relief is not granted. One of the primary purposes of statutes of limitation, however, is "to prevent plaintiffs from sleeping on their rights," *Crown, Cork & Seal Co., Inc. v. Parker*, 462 U.S. 345, 352 (1983), and that is precisely what has happened in this case.

**III. Conclusion**

For the foregoing reasons, Plaintiff's motions for reconsideration will be denied. A separate order will follow.

```
_____/s/_____
DEBORAH K. CHASANOW
United States District Judge
```